**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOI THOMPSON, | Case No. 2:21-cv-04178 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| INTERNATIONAL COLLECTION CORPORATION, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes TOI THOMPSON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of INTERNATIONAL COLLECTION CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Los Angeles County, California, which is located within the Central District of California.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Defendant is a third-party debt collector and corporation organized under the laws of the State of California. Defendant's principal place of business is located within 1930 Wilshire Boulevard, Suite 908, Los Angeles, California 90057.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt for a California apartment residential lease ("subject consumer debt").

8. Several months ago, Defendant began its collection campaign by reporting the subject consumer debt on Plaintiff's consumer report(s).

9. Plaintiff did not recognize the subject consumer debt as she has never rented an apartment in the State of California.

10. Consequently, Plaintiff contacted Defendant and disputed the validity of the subject consumer debt.

11. Thereafter, Defendant acknowledged Plaintiff's dispute and removed the subject consumer debt from Plaintiff's consumer report(s).

12. However, on or around April 2021, Defendant accessed Plaintiff's consumer report(s) without her authorization.

13. Plaintiff was forced to contact Defendant again to dispute the subject consumer debt upon learning that Defendant had accessed her consumer report(s) without her authorization.

14. In response, Defendant threatened to pursue a lawsuit against Plaintiff in order to collect upon the subject consumer debt.

15. Plaintiff was taken aback by Defendant's harassing debt collection campaign.

16. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

17. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, emotional distress, and a reduced credit score.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

24. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e, e(2), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Specifically, it was deceptive for Defendant to threaten to sue Plaintiff for a debt that she does not owe. Defendant's actions only served to worry and confuse Plaintiff.

28. Defendant also violated §1692e and e(8) when it reported information on Plaintiff's consumer report(s) that Defendant knew or should have known was false. Defendant accessed Plaintiff's account without her consent and after it acknowledged Plaintiff's first dispute. Despite this information, Defendant proceeded to negatively affect Plaintiff's consumer report(s) even though she does not owe the subject consumer debt.

### b. Violations of the FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt. Any reasonable fact finder will conclude that Defendant acted unfairly and unconscionably when Defendant threatened to sue Plaintiff for a debt that she does not owe.

WHEREFORE, Plaintiff, TOI THOMPSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 19, 2020                         Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com

6